UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. BRAYBOY,

    Plaintiff,

v.

CITY OF NEW YORK (AND OFFICE OF
REVENUE AND INVESTIGATION-DIV.
OF LIENS AND RECOVERY),
COUNTIES KINGS AND NEW YORK,
DAVID M. LEE, ESQUIRE, BRUCE T.
DAVIS, ESQUIRE, STANDARD
FEDERAL BANK, PROBATE COURT OF
WAYNE COUNTY–3RD JUDICIAL
CIRCUIT [CASE NO.
2000616892–SUPERVISED ESTATE], and
STEPHANIE T. DUNBAR,

    Defendants.
_____/

Case No. 08-13292

Honorable Patrick J. Duggan

## ORDER SUMMARILY DISMISSING COMPLAINT
## FOR LACK OF SUBJECT MATTER JURISDICTION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 20, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On July 31, 2008, Gary M. Brayboy ("Plaintiff"), a prisoner incarcerated at the Mound Correctional in Detroit, Michigan and proceeding *pro se*, initiated this action against the following Defendants: City of New York; Kings County, New York; New York County, New York; David M. Lee, Esquire; Bruce Davis, Esquire; Standard Federal

Bank; the Probate Court of Wayne County, Michigan; and Stephanie T. Dunbar. In his complaint, Plaintiff alleges that this Court can exercise federal question, 28 U.S.C. § 1331, and/or diversity jurisdiction, *id.* § 1332, over this action. Plaintiff "seeks monetary damages and injunctive relief, and asserts that fraudulent misrepresentation has been perpetrated along with misapropriation [*sic*] of the funds and property of the respective estates" of his mother, Leslie Brayboy, and his brother, Eunice Brayboy. (Pl.'s Compl. at p. 1.) Plaintiff alleges that he is the sole heir to both of these estates.

On September 8, 2008, this Court issued an order requiring Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Specifically, the Court ordered that Plaintiff show cause as to why this case should not be dismissed under the *Rooker-Feldman* doctrine or the probate exception to federal jurisdiction. Plaintiff responded to the Court's September 8, 2008, order on September 18, 2008. Although Plaintiff's response preserves certain claims from dismissal under *Rooker-Feldman* and the probate exception, the Court still lacks subject-matter jurisdiction over those claims.

In his attempt to preserve his claims in this court, Plaintiff appropriately notes the limited scope of the *Rooker-Feldman* and probate exceptions to federal court jurisdiction. Both doctrines limit a federal district court's ability to review prior state court decisions. *See Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008) (explaining the *Rooker-Feldman* doctrine); *Wisecarver v. Moore*, 489 F.3d 747 (6th Cir. 2007) (explaining the probate exception). However, neither doctrine prevents federal district courts from reviewing allegations that individuals involved in state court proceedings engaged in

2

fraud and misrepresentation. *Lawrence*, 531 F.3d at 369 ("[P]laintiff's claims that certain defendants committed fraud and misrepresentation in the course of state probate proceedings did not allege an injury caused by the state court judgment and thus were not barred by *Rooker-Feldman*."); *Wisecarver*, 489 F.3d at 750 ("Plaintiffs' claims for breach of fiduciary duty, breach of confidential relationship, undue influence, and fraud are not barred by the probate exception because they seek *in personam* jurisdiction over the Defendants and do not seek to probate or annul a will."). Therefore, only Plaintiff's claims directly attacking the probate of his mother's and brother's estates will be barred by these doctrines.

Applying these rules to the present case, the Court is barred from hearing Plaintiff's claims against the Wayne County Probate Court and Standard Federal Bank. All of Plaintiff's claims against the Wayne County Probate Court involve that court's administration of Eunice Brayboy's estate and the claims against Standard Federal appear to involve the bank's disbursement of estate funds on the probate court's authorization. Furthermore, to the extent that Plaintiff asserts damages against Stephanie Dunbar, the personal representative of Eunice's estate, for carrying out court authorized transactions, Plaintiff's claims are barred. This Court cannot review these claims without disturbing the state probate proceedings. Plaintiff's remaining claims against New York City, Kings County, New York County, David M. Lee, Bruce Davis, and Stephanie Dunbar, however, appear to involve various combinations of fraud, misrepresentation, and legal malpractice allegations that are not barred by *Rooker-Feldman* or the probate exception.

Nonetheless, this Court still lacks subject-matter jurisdiction over these claims.

Although Plaintiff makes the conclusory assertion that this Court has federal question and diversity jurisdiction, neither ground for subject-matter jurisdiction actually exists in this case. In his September 18, 2008, response to the show cause order, Plaintiff states that his claims raise "a clear federal question (due process, equal protection)." (Pl.'s Resp. ¶ 5.) None of Plaintiff's claims, however, assert constitutional violations. Indeed, to avoid application of *Rooker-Feldman* and the probate exception, Plaintiff repeatedly emphasizes that his claims consist of fraud and misrepresentation which are state torts. The only places Plaintiff's complaint references federal law is in citations to the jurisdictional statutes–28 U.S.C. §§ 1331, 1332–and cases interpreting the same. Otherwise, Plaintiff relies on state court rules and statutes to support his claims. Plaintiff cannot establish federal question jurisdiction by blindly asserting that he was denied due process and equal protection without actually relying on federal law to support his claims. *See Mich. S. R.R. Co. v. Branch & St. Joseph County Rail Users Assoc., Inc.*, 287 F.3d 568, 573-74 (6th Cir. 2002). Therefore, this Court lacks federal question jurisdiction over Plaintiff's claims.

Federal question jurisdiction aside, Plaintiff appears to rely more heavily on the existence of diversity jurisdiction to bring his claims in federal court. Unfortunately, Plaintiff misunderstands the requirements of diversity jurisdiction. Plaintiff cites a case from the District Court in Hawaii for the proposition that "Article III of [sic] Federal Constitution requires only minimal diversity among parties to support diversity or alienage jurisdiction." (Compl. at 2 (citing *Arai v. Tachibana*, 778 F. Supp. 1535 (D. Hawaii 1991)).) While true, this fails to relieve the "complete" diversity requirement of

4

28 U.S.C. § 1332. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, 87 S. Ct. 1199, 1203 (1967) (acknowledging that the Constitution requires only minimal diversity while the "diversity of citizenship statute" requires complete diversity). Under 28 U.S.C. § 1332, "[d]iversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). In the present case, complete diversity is lacking because Stephanie Dunbar, like Plaintiff, is a Michigan citizen. Therefore this Court does not have diversity jurisdiction.

Because this Court has neither federal question nor diversity jurisdiction,

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Gary M. Brayboy
#185258
Mound Correctional Facility
17601 Mound Road
Detroit, MI 48212